UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARIA ALMA VILLARREAL, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:12-CV-433 |
| | § | |
| THE TEXAS A&M SYSTEM, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

**I.**

Before the Court is the defendant's, The Texas A&M University System ("TAMUS"), motion for summary judgment [Dkt. No. 29], the plaintiff's, Maria Alma Villarreal's, response [Dkt. No. 31] and TAMUS's, reply [Dkt. No. 34]. After a careful review of the plaintiff's pleadings, TAMUS's motion, the response and reply, the Court is of the opinion that TAMUS's motion for summary judgment should be granted.

**II.**

The plaintiff was first employed by TAMUS in September of 2003, as the Equal Employment Coordinator ("EOC"). According to TAMUS, the plaintiff's position was created as a result of a 2003 reduction-in-force ("RIF") that eliminated TAMUS's Community Development Office and, in its place, created the position of Equal Employment Coordinator in the Office of Equal Opportunity ("OEO"). As a result of the 2003 RIF, a hiring freeze was implemented and several employee positions, including the plaintiff's, were eliminated. However, the plaintiff was offered the EOC position and accepted it.

As the EOC, the plaintiff was assigned to assist Dr. Joni Baker, Director of Equal Employment and Diversity. The plaintiff's responsibilities included "assisting with

correspondence related to charges of discrimination, assisting in developing training programs, and carrying out the administrative functions of the office, including payment vouchers and travel arrangements." In 2006, certain purchasing, vouchering and bookkeeping functions were centralized in the System Office of Budgets and Accounting. This move impacted the administrative functions of the OEO. By 2007, according to TAMUS, the OEO's budget functions were subsumed in the Deputy Chancellor's budget functions and this change virtually eliminated the OEO's administrative and accounting functions.

Change came again in 2009 when OEO began posting its list of recruitment sources on its website. Distribution of System Office vacancy announcements was placed under the Office of Human Resources. Of course, these shifts impacted the plaintiff's tasks. And, in March of 2009, the scope of the plaintiff's job duties came up for review. The scope analysis revealed that the plaintiff's job duties required an average of eight hours per week to perform. As a result, the EOC position became the subject of a RIF in January of 2010.

On January 13, 2010, the plaintiff was informed of the analysis and was further informed that the EOC position would be eliminated on March 14, 2010. The plaintiff mounted an unsuccessful appeal of the RIF decision based on her claims of disability, age, race, gender and national origin.[1] While the plaintiff's position was eliminated and no administrative assistant position was offered to her, she was free to apply for any posted position. The plaintiff applied for various positions and was hired in the position of Custodial Supervisor on May 3, 2010, where she is currently employed.

---

[1] During the course of pretrial proceedings, the plaintiff's claims of age, disability, and race discrimination were dismissed. Only the plaintiff's national origin claim remains.

# III.

## -A-

In response to TAMUS's motion for summary judgment, the plaintiff asserts that the RIF was motivated by her race and national origin. While the plaintiff is a citizen of the United States, she is of Mexican descent. The plaintiff asserts that this fact, *i.e.,* her Hispanic or Mexican origins, played a role in TAMUS's decision to terminate her and not offer or employ her in another administrative assistant position. The plaintiff argues that on the occasion of non-Hispanic job eliminations, the employees were transferred to positions without the need to reapply for a new position. In her case, the plaintiff was required to reapply and this, she argues, is evidence of discrimination.

In addition to the manner in which she was treated during the RIF, the plaintiff asserts that other evidence of bias is seen in: (a) Dr. Baker's 'offensive comments and jokes about Mexicans during the course of [her] employment"; (b) Dr. Baker's question "whether or not it is true that Hispanics primarily work on their cars in their front yards"; and, (c) an occasion where Chancellor McKinney "mocked [the] plaintiff and a fellow employee who were casually speaking to one another in Spanish. . .". In addition to these instances, the plaintiff asserts that she was assigned menial tasks. Dr. Baker required her to "run" personal errands in her behalf outside the scope of the plaintiff's employment duties.

After the plaintiff was terminated, she applied for an administrative assistant position but did not receive an interview and a Caucasian female filled the position. Finally, the plaintiff asserts that she applied for over 18 postings for administrative assistant positions and was rejected in each instance.

-B-

The defendant, TAMUS, argues that the plaintiff was not the subject of discrimination based on her national origin. On the same day that the plaintiff's job was eliminated, an employee not a member of the protected group (national origin) was terminated. In addition, several others, not members of the protected group, were terminated during the 2003-2010 period of the RIF. The plaintiff does not dispute these facts, but argues that the eliminated positions were not in the OEO department and, in contrast to how the plaintiff was treated, were offered positions and were not required to reapply.

**IV.**

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. A fact is "material" if its resolution in favor of one party might affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *Id.* If the evidence rebutting the motion for summary judgment is only colorable or not significantly probative, summary judgment should be granted. *Id.* at 249-50; *see also Shields v. Twiss*, 389 F.3d 142, 149-50 (5th Cir. 2004).

Under Rule 56(c) of the Federal Rules of Civil Procedure, the moving party bears the initial burden of "informing the district court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue for trial." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 - 87 (1986); *Adams v. Travelers Indem. Co. of Connecticut,* 465 F.3d 156, 163 (5th Cir. 2006). Where the moving

party has met its Rule 56(c) burden, the nonmovant must come forward with "specific facts showing that there is a *genuine issue for trial."* *Matsushita*, 475 U.S. at 586-87 (quoting Fed. R. Civ. P. 56(e)) (emphasis in original); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); and *Adams*, 465 F.3d at 164. To sustain the burden, the nonmoving party must produce evidence admissible at trial showing that reasonable minds could differ regarding a genuine issue of material fact. *Anderson*, 477 U.S. at 250-51; 255; *Morris v. Covan World Wide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998). In deciding a summary judgment motion, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson,* 477 U.S. at 255.

## V.

In order for the plaintiff to go forward in her suit and overcome TAMUS's motion for summary judgment, the plaintiff must establish that: (1) she is a member of a protected group; (2) she was adversely affected by TAMUS's employment decisions; (3) she was qualified for another position at the time of discharge; and (4) TAMUS intended to discriminate against her in taking the adverse employment action. *See Woodhouse v. Magnolia Hospital*, 92 F.3d 248, 252 (5th Cir. 1996). The record supports the finding that the plaintiff is a member of a protected group, [Mexican origin] and that she was adversely affected by TAMUS's decision to terminate her. What is not supported by the plaintiff's summary judgment evidence, is the plaintiff's claim that she was qualified for the positions that she sought and that TAMUS's decisions both to terminate her and/or not reassign her to another administrative assistant or staff assist position after her termination, were based on her national origin. TAMUS denies these assertions and argues that the plaintiff's conclusory statements are not supported by evidence. Specifically, TAMUS points out that: (a) there is no evidence of the job description and responsibilities

showing that the positions sought were similar in duties as the plaintiff's EOC position; (b) there is no evidence supporting the inference the plaintiff proposes, *i.e.,* that because she had held the EOC position, she was therefore qualified for either of the administrative positions posted; and (c) in light of TAMUS's summary judgment evidence, particularly the qualifications for the administrative positions, the plaintiff could easily point out how she was qualified for the positions she sought had she chosen to do so. Instead, TAMUS asserts, the plaintiff argues that TAMUS's decision was based on subjective criteria. The Court notes that even here, there is no proffer of evidence supporting the plaintiff's argument that she was qualified. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

The undisputed evidence establishes that the RIF was a legitimate non-discriminatory decision. And, the plaintiff has admitted as much in her answers, or lack thereof, to the discovery produced in this case. The Court is of the opinion and holds that the plaintiff has failed to establish a *prima facie* case for national origin discrimination as it relates to receiving a new job assignment.

The Court is also of the opinion that the plaintiff has failed to establish that her termination was based on her national origin. It is clear from TAMUS's proffer of evidence that the duties of the EOC position were analyzed in 2003 and, thereafter, the determination made that the duties of the position should be reassigned to other departments, including Human Resources and the Systems Office. The plaintiff does not dispute these facts and, indeed, participated in the process. And, while the plaintiff complains about non-duty tasks that Dr. Baker requested of her, [suggesting that they were demeaning], she readily admits that her duties had diminished to the point that she was able to do them and yet have substantial free time.

Regarding the alleged stray remarks, they were not revealed until the plaintiff's position had been eliminated and only then, in her Charge of Discrimination on October 5, 2010. An allegation of stray remarks in the face of a judicial admission that they did not occur, does not raise a credibility issue; rather, it establishes and settles the evidence on any dispute. *See* [TAMUS Ex. K at 5, 7 and 11]; *see also Brown v. SCS Logic, Inc.,* 82 F.3d 651, 655 (5th Cir. 1996). There is no evidence establishing when the alleged remarks were made, or the context, or whether the plaintiff was a participant, overheard them or was told by others. Certainly, the evidence fails to link the remarks to Drs. Baker or McKinney's decision in 2003, 2007 and 2010.

Therefore, and based on this discussion and analysis, the Court concludes that TAMUS's motion for summary judgment should be and it is hereby, Granted.

It is so Ordered.

SIGNED on this 20th day of March, 2013.

_____
Kenneth M. Hoyt
United States District Judge